1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HARRISON L. BURTON,                    No.  2:13-cv-0167 DAD P

12              Plaintiff,

13        v.                                ORDER

14   WARDEN RON BARNES et al.,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For

19   the reasons discussed herein, the court will dismiss this action.[1]

20                            **SCREENING REQUIREMENT**

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

23   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

27   _____

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §
28   636.  (Doc. No. 4)

                                        1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12  However, in order to survive dismissal for failure to state a claim a complaint must contain more

13  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

15  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The Civil Rights Act under which this action was filed provides as follows:

20           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
21           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
22           law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

28  /////

2

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4   their employees under a theory of respondeat superior and, therefore, when a named defendant

5   holds a supervisorial position, the causal link between him and the claimed constitutional

6   violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

8   concerning the involvement of official personnel in civil rights violations are not sufficient. See

9   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                              **PLAINTIFF'S COMPLAINT**

11      In the present case, plaintiff has identified Warden Ron Barnes, Lieutenant Leckie, and

12  Correctional Officer Chenoweth as the defendants. In his complaint, plaintiff alleges that he

13  received a prison rules violation report ("RVR") for "Assault on a Peace Officer," and defendant

14  Leckie inappropriately found plaintiff guilty of the RVR. Plaintiff further alleges that defendant

15  Leckie failed to provide him with the proper notice for his disciplinary hearing, denied him his

16  only requested witness during the proceedings, and found him guilty of the disciplinary charge

17  based on a mental health assessment. Plaintiff also alleges that defendant Leckie discriminated

18  against him based on his bipolar disease. According to the attachments to plaintiff's complaint,

19  prison officials assessed plaintiff 90 days loss of credit, 30 days loss of all dayroom and telephone

20  privileges, and 30 days loss of entertainment appliances based upon his disciplinary conviction.

21  According to plaintiff, prison officials also referred him to the ICC for a possible Security

22  Housing Unit term as a result of the disciplinary conviction. In terms of relief, plaintiff requests

23  monetary damages and declaratory judgment. (Compl. at 2-3 & Attachs.)

24                                  **DISCUSSION**

25      The court will dismiss this civil rights action because plaintiff's success in this action

26  would necessarily call into question the constitutionality of his imprisonment and implicate the

27  duration of his confinement. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing §

28  1983 action for declaratory relief and money damages because successful challenge to procedures

3

1  used in disciplinary hearing that resulted in deprivation of good-time credits would necessarily

2  imply the invalidity of the punishment imposed); see also Wilkinson v. Dotson, 544 U.S. 74, 81-

3  82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the

4  relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

5  conduct leading to conviction or internal prison proceedings) - *if* success in that action would

6  necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original);

7  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages

8  under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by

9  "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that

10  the conviction or other basis for confinement has been reversed on direct appeal, expunged by

11  executive order, declared invalid by a state tribunal authorized to make such a determination, or

12  called into question by a federal court's issuance of a writ of habeas corpus).  If plaintiff wishes to

13  challenge the fairness of his disciplinary proceedings, a writ of habeas corpus is his sole remedy

14  in federal court which may be pursued only after exhausting all of his constitutional claims in

15  state court.

16       Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff

17  cannot cure the deficiencies of his complaint, and therefore, dismissal of this civil rights action

18  without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088

19  (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where

20  the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v.

21  Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be

22  futile, there was no need to prolong the litigation by permitting further amendment.").

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

4

1

**CONCLUSION**

2        Accordingly, IT IS HEREBY ORDERED that:

3        1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is denied;

4        2.  Plaintiff's complaint is dismissed without prejudice as <u>Heck</u>-barred; and

5        3.  This action is closed.

6    Dated:  February 13, 2014

7

8                                        _____
                                         DALE A. DROZD
9    DAD:9                               UNITED STATES MAGISTRATE JUDGE
     burt0167.56
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28